**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10182 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00043-1 |
| v. | |
| NATARAJAN GURUMOORTHY, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted February 11, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

Natarajan Gurumoorthy appeals the sentence imposed following his guilty

plea to one count of possession of more than fifteen counterfeit and unauthorized

access devices, 18 U.S.C. § 1029(a)(3), and one count of possession of device-

making equipment, 18 U.S.C. § 1029(a)(4).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Gurumoorthy's Guidelines sentencing range was calculated at 24-30 months' imprisonment. That range was based in part on a 10-level offense level enhancement per U.S.S.G. § 2B1.1(b)(1)(F), for the actual and potential pecuniary loss. The government requested a 24-month upward departure (for a total of 54 months' imprisonment) based on U.S.S.G. § 5K2.21, Dismissed and Uncharged Conduct. The government argued that it could have charged Gurumoorthy with multiple counts of aggravated identity theft pursuant to 18 U.S.C. § 1028A(a)(1), a statute that requires a minimum consecutive two-year sentence in these circumstances. Relying on U.S.S.G. § 5K2.21 and 18 U.S.C. § 3553(a), the district court imposed a sentence of 54 months' imprisonment. In doing so, the district court stated that it knew about Gurumoorthy's life, had read all of the documents in the file, and had listened to Gurumoorthy's attorney's "very strong argument regarding [Gurumoorthy's] conduct and how the court should proceed." The court emphasized the seriousness of the offense and of potential identity theft. It concluded that the sentence imposed took into consideration § 5K2.21 and 18 U.S.C. § 3553(a) factors, achieved the purposes of sentencing, and considered the advisory Sentencing Guidelines.

Gurumoorthy argues that the district court violated 18 U.S.C. § 3553(c) by failing to state adequately the reasons for its sentencing decision. Whether the

district court provided an adequate statement of reasons for the sentence it imposed is a question of law that we review de novo. *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006). Since Gurumoorthy failed to make this objection in the district court, we review for plain error. *Id.*

The district court's statement of reasons did not constitute error. The district court conducted two hearings concerning § 5K2.21. At sentencing, the court explained its reasoning and highlighted three of the seven sentencing factors listed in 18 U.S.C. 3553(a): (1) the nature of the offense and the history and characteristics of Gurumoorthy; (2) the need for the sentence to reflect the seriousness of the offense; and (3) Gurumoorthy's sentencing range. Although the district court did not list all of the 18 U.S.C. § 3553(a) factors, this court presumes district judges know the law and understand their obligation to consider all of the 18 U.S.C. § 3553(a) factors. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

The record contains sufficient factual findings to support the 24-month sentencing increase. Gurumoorthy does not specify the factual findings that he claims were missing. There were no factual disputes at sentencing. *See* Fed. R. Crim. P. 32.

Gurumoorthy next argues that the application of § 5K2.21 was improper double counting since the harm to victims of his actions was counted both in the calculation of the Guidelines range per § 2B1.1(b)(1)(F), and in the application of § 5K2.21. "Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008) (citation omitted). However, the total magnitude of financial loss regards a different harm than the harm described by the total number of actual or potential victims. *See United States v. Pham*, 545 F.3d 712 (9th Cir. 2008). Here, the district court considered one type of harm—the amount of the intended loss—when it enhanced Gurumoothy's offense level under § 2B1.1(b)(1)(F). It considered a separate type of harm—the number of intended victims of identity theft—when it granted the government's motion for an upward departure under § 5K2.21. The grief that identity theft visits upon individuals is a different injury from a purely monetary loss. There was no impermissible double counting.

Gurumoorthy also argues that the clear language of § 5K2.21bars the 24-month increase imposed by the district court. He argues that the 24-month "departure" per § 5K2.21 was improper because it was based on conduct that

4

entered into the determination of the applicable Guidelines range. However, a close reading of 18 U.S.C. § 1028A supports the application of § 5K2.21. Section 1028A penalizes a person who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person," while 18 U.S.C. § 1029(a)(3), penalizes only those who "knowingly and with an intent to defraud possess[]" certain access devices. The separate conduct that supports an upward departure for the uncharged § 1028A violation is Gurumoorthy's transfer or use of the credit cards, not merely his possession thereof with intent to defraud.

But even if the district court had incorrectly applied § 5K2.21, we can uphold the 24-month increase as a discretionary variance per 18 U.S.C. § 3553(a). Since "*Booker*, the scheme of downward and upward departures has been replaced by the requirement that judges impose a reasonable sentence." *United States v. Tankersley*, 537 F.3d 1100, 1113 (9th Cir. 2008). "Where, as here, a district court frames its analysis in terms of a downward or upward departure, we treat the so-called departure as an exercise of post-*Booker* discretion to sentence a defendant outside of the applicable guidelines range . . . ." *Id.* at 1113-14 (internal quotation marks omitted). We need not determine whether the district court correctly applied the § 5K2.21 departure provision. *Id.* at 1114.

The district court was understandably concerned by the gravity of Gurumoothy's conduct. In its non-Guidelines sentence, the court considered the number of counterfeit accounts that Gurumoorthy possessed and intended to use to defraud individuals. *See United States v. Pham*, 545 F.3d 712, 727 (9th Cir. 2008) (Fisher, J., concurring in part and concurring in the judgment). The court also found that Gurumoorthy could have been charged with aggravated identity theft, a conviction that would have resulted in a minimum consecutive sentence of 24 months' imprisonment. Gurumoorthy's sentence was less than half of the statutory maximum 10-year sentence. A 54-month sentence was not an abuse of discretion.

**AFFIRMED.**